**Bruce Comly FRENCH, Trustee, etc., et al., Plaintiff,**

**v.**

**Steven M. FISHER, etc., et al., Defendant.**

**No. 3:01CV7253.**

United States District Court, N.D. Ohio, Western Division.

March 3, 2003.

315

--------

Bruce C. French, Lima, OH, for Plaintiff.

Joseph S. Simpson, Louis E. Tosi, Shumaker, Loop & Kendrick, Toledo, OH, for Defendants.

Shaun K. Petersen, Brian T. Waltz, Attorney General of Ohio, Ann M. Wood, Office of the Attorney General, Columbus, OH, for State of Ohio.

*MEMORANDUM OPINION*

KATZ, District Judge.

Pending before this Court are Intervenor State of Ohio's motion to dismiss Defendants' counterclaim for lack of subject matter jurisdiction or in the alternative motion to abstain (Doc. No. 22), Plaintiff French's motion to dismiss (Doc. No. 30), and Plaintiff French's motion to withdraw his motion to dismiss (Doc. No. 35). For the following reasons, the Court will deny Plaintiff's motion to withdraw, grant Plaintiff's motion to dismiss, deny Intervenor's motion to dismiss for lack of subject matter jurisdiction, and grant Intervenor's motion to abstain. The Court will further abstain from hearing Intervenor's complaint pursuant to 28 U.S.C. § 1334(c)(1).

## I. BACKGROUND

The background of this case is more fully set forth in the Court's August 10, 2001 memorandum opinion. Relative to the instant motions, Plaintiff Bruce Comly French is the bankruptcy trustee for debtor Unicast. As part of Unicast's bankruptcy proceedings, the bankruptcy court authorized the sale of certain Unicast realty to Defendant Fisher and his acquisition company based on Fisher's representation that the company could comply with Ohio EPA requirements and procure the funds necessary to perform closure and post closure activities.

Post-acquisition, Fisher entered into a consent order issued by the Lucas County Common Pleas Court to perform certain remediation procedures. Instead, Fisher contracted with his father Terry Fisher, and uncle Jerry Fisher, to demolish buildings on the site. In exchange for the demolition services, Fisher granted security interests, *i.e.*, liens, to Defendants Terry and Jerry Fisher. In addition, proceeds from the sale of the demolition debris were given to Terry and Jerry Fisher instead of

being used to bring the site into compliance with Ohio EPA requirements. Fisher ultimately was found in contempt of the consent order and the state court appointed a receiver to recover assets to complete the closure and post-closure activities.

French filed suit in this Court, purportedly to facilitate the remediation activities, and seeks rescission of the sale based on fraud, disgorgement of the demolition debris proceeds, and voiding of the liens. Ohio permissively intervened in this action and asserts claims identical to French's. After intervention, Defendants filed a declaratory judgment counterclaim against the State asking to be relieved from the state court consent order entered in the contempt proceedings if this Court ultimately rules in French's favor on the rescission claim. In response, Ohio has filed a dismissal motion, alternatively styled as an abstention motion. In addition, Plaintiff has filed a Rule 41 motion to dismiss the case, and a motion to withdraw his motion to dismiss. The parties arguments are discussed below.

## II. DISCUSSION

### A. Plaintiff's Motion to Dismiss and Motion to Withdraw

■ Present in the instant action are three sets of claims and related dispositive motions. In the original *French v. Fisher* action, French seeks rescission of the transfer of the Unicast property to Defendants, disgorgement, and cancellation of the security interests against the property. However, pending before the Court is Plaintiff's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 41, and subsequent motion to withdraw. Defen-

dants do not object to dismissal,[1] and further oppose the withdrawal motion.

In his Rule 41 motion, Plaintiff seeks dismissal on the basis that the present claims are more properly adjudicated in the pending companion state court action. Plaintiff asserts that at the time he filed the motion to dismiss, he misapprehended the concept of sovereign immunity and thought that immunity would bar this Court's full adjudication of all claims. However, Plaintiff now asserts that in light of *Lapides v. Bd. of Regents of Univ. Sys. Of Georgia,* 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) (holding that "removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter ... in a federal forum"), it is his understanding that Ohio has waived immunity and thus those claims can now proceed in this Court.

Notwithstanding the parties' dispute over the applicability of *Lapides* to the instant action, the difficulty presented by Plaintiff's withdrawal motion is that in the first instance, Defendants oppose the withdrawal motion. Moreover, even if *Lapides* could be extended to the instant action, the Court is nonetheless barred under 28 U.S.C. § 1334(c)(2) from hearing the Defendants' counterclaim, and exercises its discretion under § 1334(c)(1) to abstain from hearing the State's claim, as more fully discussed below. Therefore, the rationale espoused by Plaintiff in his original dismissal motion still exists, *i.e.,* the preference for adjudicating the matter in state court as that court is the only court with jurisdiction to adjudicate the controversy in its entirety. As Plaintiff has not indicated to the Court that his position has changed on this point, the Court will deny

---

1. Although Defendants do not oppose dismissal, Defendants seek dismissal with prejudice, and also seek to predicate dismissal of

French's claims on the dismissal of the State's claims.

Plaintiff's motion to withdraw and grant Plaintiff's motion to dismiss. The Court finds no basis, however, to adopt Defendants' position to dismiss with prejudice, or to dismiss the State's claims derivatively with Plaintiff's. Defendants' concerns regarding attorneys' fees and litigation costs do not persuade the Court to dismiss with prejudice; these matters can be adequately addressed in a properly filed petition for fees and costs.

**B. State of Ohio's Motion to Dismiss/Abstain**

Defendants have filed a declaratory judgment action against the State asking to be relieved from the state court consent order if the Court rules in French's favor on the rescission claim. Defendants argue that compliance with the consent order is possible only if Fisher is a property owner and that rescission of the sale would strip Fisher of an owner's rights and duties.

The State seeks dismissal based on lack of subject matter jurisdiction, as well as on sovereign immunity, and the parties dispute the impact of *Lapides* on the instant action. The State has also filed a motion for abstention pursuant to 28 U.S.C. § 1334. As subject matter jurisdiction is a predicate to the Court's ability to resolve the remaining issues, the Court first addresses subject matter jurisdiction.

 Defendants have asserted jurisdiction pursuant to 28 U.S.C. §§ 157, 1334, 1367, and 2201. The State presents arguments as to why each of these provisions does not confer jurisdiction. Ultimately, the Court finds that it has jurisdiction over Defendants' counterclaim pursuant to § 1334 as a matter "related to" a title 11 action.[2]

 Pursuant to § 1334, a district court has original jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The Sixth Circuit, as well as most other federal circuits, have adopted an expansive interpretation of § 1334 "related to" jurisdiction. *See In re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996). As set forth by the Sixth Circuit:

> [T]he "usual articulation of test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." An action is "related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." A proceeding "need not necessarily be against the debtor or against the debtor's property" to satisfy the requirements for "related to" jurisdiction. However, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)]." Instead, "there must be some nexus between the 'related' civil proceeding and the title 11 case."

*See id.* at 489 (internal citation omitted) (explaining that the Sixth Circuit has adopted the test set forth in *Pacor, Inc. v. Higgins,* 743 F.2d 984, 988 (3d Cir.1984)). Without belaboring the State's arguments

---

**2.** Section 157 is in essence a bankruptcy venue provision; § 1334 confers original jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11;" § 1367 sets forth the circumstances under which a court may exercise supplemental jurisdiction over certain claims; and § 2201, as part of the Declaratory Judgment Act, does not provide an independent basis for jurisdiction.

as to why Defendants' counterclaim is not "related to" an title 11 case, the Court finds that the counterclaim clearly falls within the Sixth Circuit's expansive definition of "related to" claims. That determination, however, leads the Court directly to 28 U.S.C. § 1334(c)(2), under which this Court must abstain from hearing Defendants' counterclaim.

Pursuant to § 1334(c)(2):

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

■■■■ "For mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." *In re Dow Corning Corp.*, 86 F.3d at 497. In the instant action, the Defendants' claims are solely state law claims, and jurisdiction arises in this Court only under § 1334 "related to" jurisdiction. There is already a prior state contempt proceeding commenced in the Lucas County Court of Common Pleas, and the parties have set forth no reason why the matter is incapa-

ble of timely adjudication in that court. Finally, the parties assert no basis for categorizing Defendants' claims as core proceedings. The Court further notes that the cases discussing mandatory abstention provide no basis for circumventing § 1334(c)(2) and entertaining the claims under the rubric of supplemental jurisdiction. Accordingly, the Court must abstain.[3]

■■■■ With respect to the State's claim, the Court finds that abstention is proper under 28 U.S.C. § 1334(c)(1). Section 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Notwithstanding the fact that the State appears to lack standing to maintain its present claims, the Court finds that comity concerns weigh against maintaining the State's action in light of the fact that the Court is dismissing Plaintiff's and Defendants' claims.

### III. CONCLUSION

Based upon the foregoing, the Court will deny Plaintiff's motion to withdraw (Doc. No. 35) and grant Plaintiff's motion to dismiss (Doc. No. 30). The Court also will deny the State's motion to dismiss for lack of subject matter jurisdiction (Doc. No. 22) but grant the State's motion to abstain (Doc. No. 22). The Court will further abstain from hearing the State's complaint pursuant to 28 U.S.C. 1334(c)(1). All mat-

---

**3.** The Court further notes that even if mandatory abstention were not implicated, the Court nonetheless would find discretionary abstention proper under § 1334(c)(1). Based on the state court's retention of jurisdiction over the contempt proceedings, this Court would find it wholly improper under the instant circumstances, largely for the reasons set forth in the State's brief, to vacate an order issued by the state court.

ters having been dismissed, the case will be closed.

IT IS SO ORDERED.